UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALBERT H. BOLLING,

    Plaintiff,

v.                                          CASE NO. 00-6125-CIV-SEITZ

CITY OF MIRAMAR, an                         MAGISTRATE JUDGE GARBER
Incorporated Municipality,
VICKI COCEANO, JAMES LIND,
BRUCE KESSLING and MIKE
RINALDI, jointly and
severally,

    Defendants.
_____/

### DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

The City of Miramar ("City"), Vicki Coceano ("Coceano"), James Lind ("Lind"), Bruce Kessling ("Kessling"), and Mike Rinaldi ("Rinaldi")(collectively, "Defendants"), through counsel and pursuant to Rule 12(b), Fed.R.Civ.P., move to dismiss the complaint filed by Plaintiff, Albert H. Bolling, on the following grounds:

1.    Plaintiff has not complied with an order for more definite statement entered in case no. 98-6945-CIV-SEITZ, which was dismissed when Plaintiff failed to amend a complaint that is almost identical to the one before this Court and implicates the same Defendants.

ENVELOPES NOT PROVIDED

WEISS SEROTA HELFMAN PASTORIZA & GUEDES, P.A.
1132 SOUTHEAST SECOND AVENUE, FORT LAUDERDALE, FLORIDA 33316 • TEL. (954) 763-4242 • FAX (954) 764-7770

2. Plaintiff has failed to state a claim against the City and Coceano upon which relief can be granted.

3. Plaintiff has failed to allege violation of a constitutional or statutory right to support his claim under 42 U.S.C. § 1983.

**OVERVIEW**

Plaintiff served Defendants with a complaint for damages filed in the Broward County Circuit Court alleging violation of civil rights, battery, and false arrest. The claims stem from Plaintiff's arrest and prosecution for grand theft and carrying a concealed firearm. Defendants recently filed a Notice of Removal, bearing certificate of service dated January 14, 2000, on the basis that Plaintiff claims violation of civil rights pursuant to 42 U.S.C. § 1983, thereby invoking the federal question jurisdiction of this Court. Defendants also filed a Notice of Prior Similar Action, bearing certificate of service dated January 14, 2000.

Defendants submitted a Notice of Prior Similar Action because Plaintiff previously filed a verified complaint for damages against Defendants ("Original Action") that is virtually identical to the complaint for damages recently served upon the

WEISS SEROTA HELFMAN PASTORIZA & GUEDES, P.A.
1132 SOUTHEAST SECOND AVENUE, FORT LAUDERDALE, FLORIDA 33316 • TEL. (954) 763-4242 • FAX (954) 764-7770

same Defendants ("Present Action").[1] Defendants timely removed the Original Action to this Court and moved for a more definite statement. The Honorable Kenneth Ryskamp entered an agreed order on Defendants' motion for more definite statement (Exhibit "A") and directed Plaintiff to amend his complaint within twenty days. The case subsequently was reassigned to the Honorable Patricia A. Seitz. Plaintiff never amended his complaint. Approximately four and a half months after Plaintiff was ordered to amend, Judge Seitz dismissed the Original Action due to his failure to prosecute (Exhibit "B").

**ARGUMENT**

**I.   Plaintiff has failed to state a claim against the City**

Plaintiff alleges that Lind, Kessling, and Rinaldi, who are members of the City's police department, arrested him without probable cause and with malicious intent. Plaintiff does not describe any other conduct which could serve as a basis for the City's liability.

A municipality cannot be held liable under 42 U.S.C. § 1983 for the actions of employees who have not acted pursuant to a custom or policy of the municipality. *Monell, et al. v.*

---

[1] In comparing the Original Action to the Present Action, the only differences appear to be that the Present Action is not verified and paragraph 10 contains insignificant additional language.

3

*Department of Social Services of the City of New York, et al.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2037 (1978). Employees' liability for unlawful conduct does not extend to the municipality, or to a public official acting in his or her official capacity, through the doctrine of *respondeat superior* unless the employees' actions were taken pursuant to a custom or policy of the municipality. *Id.* The complaint is devoid of any allegation which suggests that Lind, Kessling, and Rinaldi acted pursuant to a municipal custom or policy. Therefore, any alleged liability on the part of the officers does not extend to the City under § 1983.

Plaintiff's tort claims against the City for false arrest and battery are also barred. By alleging that the Defendants' acts were "malicious and deliberate," Plaintiff is prohibited from pursuing an action against the City under the doctrine of sovereign immunity.[2] § 768.28(9), Florida Statutes (1999). In 1980, the Florida Legislature amended § 768.28(9) to include language that "[t]he state or its subdivisions shall not be liable in tort for the acts or omissions of an ... employee ... committed ... with malicious purpose ...."[3] Since then, Florida

---

[2] Malice is alleged in Paragraph 13 in both the Original and Present Actions.

[3] A municipality is a subdivision of the state. § 768.28(2).

courts have consistently prohibited claims against municipalities for the malicious acts of their employees on the basis of sovereign immunity. *City of Coconut Creek v. Fowler*, 474 So.2d 820, 822 (Fla. 4th DCA 1985) ("[t]he statute now affirmatively disallows suits against municipalities for the malicious acts of their employees"). Accordingly, all claims against the City should be dismissed.

II. **Plaintiff has failed to state a claim under § 1983 because he has not identified any constitutional or statutory right that has been violated**

The core of Plaintiff's claim for violation of civil rights is: "[t]hat the arrest and incarnation [*sic.*] and prosecution of Plaintiff by the City of Miramar and its agents was in violation of his civil rights as provided for under 42 United States Code Section 1983." Such language falls far short of pleading requirements under § 1983 because it does not identify an underlying constitutional or statutory right.

Section 1983 is not a source of substantive legal rights, but acts as a vehicle for enforcing violations of constitutional and statutory rights. The plaintiff in a § 1983 lawsuit must identify and prove violation of some underlying right. *Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986). Nowhere in his complaint does Plaintiff even mention an underlying constitutional or statutory right. Therefore, he has

5

not alleged an essential element and has failed to state a claim under § 1983.

III. **Plaintiff has failed to state a claim against Coceano**

Although Coceano is identified in Paragraph 5 as the mayor of the City and named as a defendant, the complaint does not contain any allegation that describes misconduct on her part. To the extent that Plaintiff intends to sue Coceano in her individual capacity, the complaint is devoid of any factual allegations which support such a claim. To the extent that Plaintiff intends to sue Coceano in her official capacity, such a claim is duplicative of the claim against the City. *Kentucky, DBA Bureau of State Police v. Graham, et al.*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3107 (1985). In either event, the claims against Coceano should be dismissed.

WHEREFORE, Defendants respectfully request that this Court dismiss the complaint.

<u>Certificate of Service</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. mail this 2nd day of February, 2000, to Sheldon Zipkin, 2020 N.E. 163 Street, Suite 300, North Miami Beach, Florida, 33162.

          WEISS SEROTA HELFMAN
PASTORIZA & GUEDES, P.A.
Attorneys for Plaintiff
1132 Southeast 2nd Avenue
Ft. Lauderdale, FL 33316
Telephone: (954) 763-4242
Telecopier: (954) 764-7770

By: _____
Edward G. Guedes
Florida Bar No: 768103
Mitchell J. Burnstein
Florida Bar No: 813249

7



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

ALBERT H. BOLLING,                         CASE NO.: 98-6945-CIV-RYSKAMP

    Plaintiff,

vs.

CITY OF MIRAMAR, an Incorporated
Municipality, VICKI COCEANO,
JAMES LIND, BRUCE KESSLING
and MIKE RINALDI, Jointly and
Severally

    Defendants.
_____/

## AGREED ORDER ON DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT

THIS CAUSE having come on to be heard on Defendants', James Lind, Bruce Kessling and Mike Rinaldi, Motion for More Definite Statement with Incorporated Memorandum of Law and the [DE-7] Court having been advised that Plaintiff and Defendants agree to said motion being granted, and being otherwise advised in the premises, it is hereupon

ORDERED AND ADJUDGED that said motion be and the same is hereby GRANTED and that Plaintiff will serve and Amended Complaint within twenty (20) days of this Order.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this ___5___ day of November, 1998.

                        /s/ Kenneth L. Ryskamp
                        KENNETH L. RYSKAMP
                        UNITED STATES DISTRICT COURT JUDGE

copies to:
Todd Shulby
Sheldon Zipkin
William Scherer

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CLOSED CIVIL CASE**

CASE NO. 98-6945-CIV-SEITZ

ALBERT H. BOLLING,

    Plaintiff,

vs.

CITY OF MIRAMAR, et al.,

    Defendants.
_____/

FILED by ___ D.C.
MAR 19 1999
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

THIS MATTER came before the Court on Defendants' Motion to Dismiss for Want of Prosecution and Failure to File Amended Complaint in Accordance with Court Order.

THE COURT has considered the above referenced Motion and the pertinent portions of the record and is otherwise fully advised. By Order dated November 5, 1998, the Court granted Defendants' Unopposed Motion for a More Definite Statement and ordered Plaintiff to file his Amended Complaint within twenty (20) days of the date of that Order. As of this date, Plaintiff has failed to file an Amended Complaint. The record reflects that Plaintiff also has failed to take any action in this proceeding for over four (4) months. Further, Plaintiff failed to Respond to Defendants' Motion to Dismiss. Accordingly, pursuant to Southern District of Florida Local Rule 41.1, it is hereby

ORDERED that Defendants' Motion to Dismiss [DE 12 &14] is GRANTED. This action is DISMISSED WITHOUT PREJUDICE. All pending motions are DENIED AS MOOT, and this case is CLOSED.

DONE AND ORDERED in Miami, Florida, this 18th day of March, 1999.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    Sheldon Zipkin, Esq.
       William R. Scherer, III, Esq.
       Todd W. Shulby, Esq.



EXHIBIT B