UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALBERT H. BOLLING,

    Plaintiff,

                            CASE NO. 006125-CIV-SEITZ

vs.

CITY OF MIRAMAR, an            MAGISTRATE JUDGE GARBER
Incorporated Municipality,
VICKI COCEANO, JAMES LIND,
BRUCE KESSLING and
MIKE RINALDI, Jointly
and Severally.

    Defendant.
_____/

RESPONSE TO DEFENDANTS' MOTION TO DISMISS

    COMES NOW the Plaintiff, ALBERT H. BOLLING, by and through his undersigned counsel and files this Response to the Defendants' Motion to Dismiss and states:

    1. The failure of the Plaintiff to amend the prior suit should not be a basis for dismissal where the subsequent suit meets the requirements of "form pleading" under the Federal Rules of Procedure. The instant complaint meets the requirements under Count I for violation of the Plaintiff's civil rights under 42 U.S.C. 1983 in that paragraph 10 of the complaint alleges that the unlawful arrest of the Plaintiff was for the purpose of justifying the seizure and attempted forfeiture of Mr. Bolling's client's vehicle. It is a matter of the evidence and proof for the Plaintiff to establish that it is a custom or policy of the City of Miramar to seek the forfeiture of the vehicles used by individuals arrested by its police officers and that this unlawful arrest was in furtherance of this policy.

FEB 17 2000
Rec'd in MIA Dkt _____

2. The Defendants' second argument for dismissal is equally flawed. The specific constitutional right which the City of Miramar violated by its agents is obvious: the Fourth Amendment prohibition against illegal searches and seizures. If, as the trial court found, the picking up of waste materials on a construction site was not a crime, then the illegal arrest and search of Mr. Bolling's vehicle was a violation of this basic constitutional right. As the evidence will demonstrate, the fact that the police only charged the crime of carrying a concealed firearm <u>after</u> learning that the vehicle was paid for further substantiates that the arrest was motivated by the City's policy of forfeiture.

3. The third argument regarding Mayor Coceano must be denied as the City's policy of forfeiting the vehicles of individuals arrested by the City's agents may have been initiated at her direction. It is matter of proof and not of pleading.

4. Inasmuch as the Complaint against the police officers is for joint and several liability, the tort claims remain against them even if the City does not share their liability for those claims. In any event, this Court should grant leave for the Plaintiff to file an amended complaint to provide for a count sounding in negligence against the police officers and the City for the false arrest and battery.

WHEREFORE, the Plaintiff moves this Court for an Order denying the Motion to Dismiss, or in the alternate, allowing the Plaintiff to file an Amended Complaint.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed and faxed this 14th day of February 2000 to:

Edward G. Guedes, Esq.
Mitchell J. Burnstein, Esq.
Weiss, Serota et al
1132 SE 2nd Avenue
Ft. Lauderdale, FL  33316
Fax:  954-764-7770

                LAW OFFICES OF SHELDON ZIPKIN, P.A.
                  2020 NE 163rd STREET, STE. #300
                  N. Miami Beach, FL 33162
                  954-525-5333
                  305-944-9100
                  305-940-3187 Fax

                  _____
                  SHELDON ZIPKIN, ESQ.
                  Florida Bar No. 313300