UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALBERT H. BOLLING,

    Plaintiff,

vs.

CASE NO. 006125-CIV-SEITZ

CITY OF MIRAMAR, an
Incorporated Municipality,
VICKI COCEANO, JAMES LIND,
BRUCE KESSLING and
MIKE RINALDI, Jointly
and Severally.

MAGISTRATE JUDGE GARBER

    Defendant.
_____/

AMENDED COMPLAINT

COMES NOW the Plaintiff, ALBERT H. BOLLING, by and through his undersigned counsel and files the Amended Complaint and hereby sues Defendants, CITY OF MIRAMAR, VICKI COCEANO, JAMES LIND, BRUCE KEESLING and MIKE RINALDI for damages and states as follows:

1. This is a an for damages within the jurisdiction of this Court pursuant to 42 USC 1983.

2. That the acts complained of occurred in Broward County, Florida.

3. That the Plaintiff is sui juris and a resident of Broward County, Florida.

4. That Defendant, City of Miramar, is an incorporated municipality located in Broward County, Florida.

5. That Defendant, Vicki Coceano, is the elected mayor of the City of Miramar.

6. That Defendant, James Lind, was at all times material a police officer for the City of Miramar.

1

7. That Defendant, Bruce Keesling, was at all times material a police officer for the City of Miramar.

8. That Defendant, Mike Rinaldi, was at all times material a police officer with the City of Miramar.

## FACTS COMMON TO ALL COUNTS

9. That on or about the 27th day of August 1995, Plaintiff was arrested by Defendants Lind, Keesling and Rinaldi for carrying a concealed firearm and grand theft from a building site.

10. The arrest was made without the existence of probable cause but was made for the purpose of establishing a legal basis for forfeiture of his "paid for" 1990 Ford pickup truck.

11. The Plaintiff was incarcerated, required to post bail, hire an attorney and otherwise expend money, time and attention to his defense.

12. The Plaintiff was tried on or about the 15th of December 1995 and was acquitted of all charges.

13. The acts of the Defendants, individually and jointly in concert with each other, violated the Plaintiff's civil rights and caused him harm.

14. Plaintiff has been directly injured by the Defendants financially, psychologically, emotionally, and said injuries are permanent in nature.

15. All predicate acts to the filing of this suit have been met or waived.

16. That the Plaintiff has retained the undersigned counsel to prosecute this action and if obligate to pay a reasonable fee for the professional services.

## COUNT I

### VIOLATION OF CIVIL RIGHTS

17. That paragraphs 1 through 16 are adopted and reincorporated herein.

18. That the unlawful arrest and incarnation and prosecution of Plaintiff by the City of Miramar and its agents was in violation of his civil rights as guaranteed by the Fourth Amendment to the United States Constitution as provided for under 42 United States Code Section 1983.

19. That it is the City's policy to effectuate arrests of Defendants when the Defendants have vehicles which are subject to forfeiture as a result of the charges for the benefit of the City.

20. That Plaintiff suffered damages to his person and reputation as a direct result of Defendants' wrongful actions.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, court costs and a reasonable attorneys fee.

## COUNT II

### NEGLIGENCE

21. Paragraphs 1 through 16 are realleged and reincorporated herein.

22. That the Defendants negligently effectuated the wrongful arrest of the Plaintiff in that there was a lack of probable cause

for the charge of theft from a construction site or for the subsequent illegal search of his vehicle resulting in the charge of carrying a concealed firearm.

WHEREFORE, the Plaintiff demands judgment for compensatory damages and court costs.

## COUNT III

### BATTERY

23. Paragraphs 1 through 16 are adopted and reincorporated herein.

24. That in the course of Plaintiff's arrest and incarceration, the Defendant police officers actually and intentionally touched him against his will in violation of Florida Statute 784.03.

25. That the Plaintiff suffered damages as a direct result of the Defendants' wrongful actions.

WHEREFORE, Plaintiff demands judgment against the Defendant police officers, jointly and severally, for compensatory and punitive damages, prejudgment interest and court costs.

## COUNT IV

### FALSE ARREST AND IMPRISONMENT

26. Paragraphs 1-16 are adopted and reincorporated herein.

27. That the Defendant police officers falsely arrested and imprisoned Plaintiff in violation of Florida Statute 787.01.

28. That the Defendants falsely arrested the Plaintiff in order to seize his truck and forfeit it to the City of Miramar.

29. That as a direct result of Defendants' wrongful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against the Defendant police officers, jointly and severally, for compensatory and punitive damages, prejudgment interest and court costs.

TRIAL BY JURY IS DEMANDED FOR ALL ISSUES SO TRIABLE AS A MATTER OF LAW.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed and faxed this 22th day of March 2000 to:

Edward G. Guedes, Esq.
Mitchell J. Burnstein, Esq.
Weiss, Serota et al
1132 SE 2nd Avenue
Ft. Lauderdale, FL  33316
Fax:  954-764-7770

```
                              LAW OFFICES OF SHELDON ZIPKIN, P.A.
                                 2020 NE 163rd STREET, STE. #300
                                 N. Miami Beach, FL 33162
                                 954-525-5333
                                 305-944-9100
                                 305-940-7187 Fax

                                 _____
                                 SHELDON ZIPKIN, ESQ.
                                 Florida Bar No. 313300
```