UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NIGHT BOX
FILED

⋯ 03 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

ALBERT H. BOLLING,

    Plaintiff,

v.

CITY OF MIRAMAR, an
Incorporated Municipality,
VICKI COCEANO, JAMES LIND,
BRUCE KESSLING and MIKE
RINALDI, jointly and
severally,

    Defendants.
_____/

CASE NO. 00-6125-CIV-SEITZ

MAGISTRATE JUDGE GARBER

## DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

Defendants, the City of Miramar ("City") and Vicki Coceano ("Coceano") (collectively, "Defendants"), through counsel and pursuant to Fed.R.Civ.P. 12(b) and 12(e), move to dismiss the amended complaint filed by Plaintiff, or in the alternative, move for more definite statement on the following grounds:

    1.    For the third time, Plaintiff has failed to comply with an order for more definite statement originally entered in Case No. 98-6945-CIV-SEITZ, which was dismissed when Plaintiff failed to comply with the Court's order and amend his complaint. The amended complaint implicates the same Defendants and is substantially the same as earlier complaints previously dismissed by the Court.

    2.    Plaintiff has failed to state a claim against the City for violation of 42 U.S.C. § 1983.

3. Plaintiff has failed to state a claim against Coceano upon which relief can be granted.

**OVERVIEW**

Plaintiff filed his first complaint against Defendants in state court, at which time Defendants timely removed the case to federal court where it was assigned Case No. 98-6945-CIV-RYSKAMP ("Original Action").[1] Upon Defendants' motion for more definite statement, Judge Ryskamp entered an agreed order directing Plaintiff to amend his complaint within 20 days. Plaintiff never amended his complaint. Approximately four and a half months after Plaintiff was ordered to amend, Judge Seitz, now assigned the case, dismissed the Original Action due to Plaintiff's failure to prosecute.

Subsequent to Judge Seitz's dismissal, Plaintiff refiled his complaint against Defendants in state court, at which point Defendants again timely removed the cause to federal court and it was assigned to Judge Seitz and given the above indicated case number. Defendants again moved to dismiss the complaint on the grounds that its allegations were substantially identical to those of the complaint in the Original Action, which had been previously dismissed. The Court granted Defendants' motion to dismiss and entered an order on February 28, 2000 dismissing the complaint and directing Plaintiff to file an amended complaint by March 20, 2000, or the lawsuit would be deemed dismissed. *See* Exhibit "A." On March 22, 2000, two days after the deadline imposed by this Court, Plaintiff filed an amended complaint.

---

[1] Plaintiff's initial cause against Defendants was subsequently reassigned to the Honorable Patricia A. Seitz, at which time the case number was modified to read 98-6945-CIV-SEITZ.

2

Plaintiff's most recent pleading, the amended complaint, contains several of the same defects present in both the complaint filed in the Original Action and the original complaint filed in the present action. Once again, Defendants move to dismiss the complaint for failure to state a cause of action upon which may be granted. Fed.R.Civ.P. 12(b)(6)

## ARGUMENT

### I.  Plaintiff has Failed to State a Claim Against the City for Violation of 42 U.S.C. § 1983.

Plaintiff alleges that Lind, Kessling, and Rinaldi, who are members of the City's police department, arrested and prosecuted him without probable cause. Amended Complaint, ¶ 10. Plaintiff does not describe any other conduct that could serve as a basis for the City's liability.

A municipality cannot be held liable under 42 U.S.C. § 1983 for the actions of employees who have not acted pursuant to a custom or policy of the municipality. *Monell, et al. v. Department of Social Services of the City of New York, et al.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2037 (1978). Employees' liability for unlawful conduct does not extend to the municipality, or to a public official acting in his or her official capacity, through the doctrine of *respondeat superior* unless the employees' actions were taken pursuant to a custom or policy of the municipality. *Id.*

Plaintiff has made a single conclusory allegation relating to the City's "policy to effectuate arrests of Defendants when the Defendants have vehicles which are subject to forfeiture as a result of the charges for the benefit of the City." Amended Complaint, ¶ 19. Notwithstanding the illogical nature of such an allegation, it falls far short of the "policy or custom" pleading requirement under *Monell*:

3

> [l]ocal governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.

*Id.* at 690. Plaintiff has not identified such "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," nor has Plaintiff alleged a "custom" that represents widespread City conduct which has not been formally approved through official channels. Therefore, any alleged liability on the part of the officers does not extend to the City under § 1983.

## II.   Plaintiff has Failed to State a Claim Against Coceano.

Although Coceano is identified in paragraph 5 of the amended complaint as the mayor of the City and named as a defendant, the amended complaint does not contain any allegation that describes misconduct on her part. To the extent that Plaintiff intends to sue Coceano in her individual capacity, the complaint is devoid of any factual allegations which support such a claim. To the extent that Plaintiff intends to sue Coceano in her official capacity, such a claim is duplicative of the claim against the City. *Kentucky, DBA Bureau of State Police v. Graham, et al.*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3107 (1985). In either event, the claims against Coceano should be dismissed.

WHEREFORE, Defendants respectfully request that this Court dismiss the amended complaint with prejudice,[2] or in the alternative, dismiss the complaint with leave to amend and

---

[2] /   In actuality, Plaintiff has had ample opportunity to properly plead a cause of action against the City and Coceano and has failed to do so. Plaintiff has repeatedly failed to meet the Court's deadlines, including his most recent failure to abide by the Court's March 20, 2000 deadline to file an amended complaint. Moreover, Plaintiff's untimely pleading suffers from some of same defects that have been twice previously been brought to Plaintiff's attention.

require Plaintiff to comply with the Order for more Definite Statement entered in the Original Action.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by facsimile and U.S. mail this 4th day of April, 2000, to Sheldon Zipkin, 2020 N.E. 163 Street, Suite 300, North Miami Beach, Florida, 33162.

WEISS SEROTA HELFMAN
PASTORIZA & GUEDES, P.A.
Attorneys for Plaintiff
1132 Southeast 2nd Avenue
Ft. Lauderdale, FL 33316
Telephone: (954) 763-4242
Telecopier: (954) 764-7770

(Fla. Bar No. 018180)
By: _Yinnie E. Mato_ for _Mitchell J. Burnstein_
EDWARD G. GUEDES
FLA. BAR NO. 768103
MITCHELL J. BURNSTEIN
FLA. BAR NO. 813249

---

Notwithstanding liberal federal pleading requirements, Plaintiff should not be permitted to continue to make the City expend additional fees addressing pleading deficiencies.

5



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6125-CIV-SEITZ/GARBER

ALBERT H. BOLLING,

    Plaintiff,

vs.

CITY OF MIRAMAR, et al.,

    Defendants.
_____/

## ORDER GRANTING MOTION
## TO DISMISS WITHOUT PREJUDICE

THIS MATTER came before the Court on Defendants' Motion to Dismiss The Complaint [DE-3]. The Court has received Plaintiff's Opposition. After a review of the history of this case and related litigation, the Court finds that the Motion should be granted.

On September 3, 1998, Defendants removed Case No. 98-6945-civ to federal court. That complaint raised allegations nearly identical to those raised in this complaint. That case was assigned to the Honorable Kenneth L. Ryskamp. On November 5, 1998, Judge Ryskamp entered an order granting Defendants' Motion for a More Definite Statement and ordered Plaintiff to file an amended complaint within 20 days. The case was subsequently transferred to the undersigned. Plaintiff failed to file an amended complaint, and on March 19, 1999, the Court granted Defendants' Motion to Dismiss. On August 29, 1999, Plaintiff filed his current complaint in state court which Defendants promptly removed to this Court. Given that those allegations have not been amended in any substantial way, it is hereby

EXHIBIT A

ORDERED that Defendants' Motion to Dismiss The Complaint [DE-3] is GRANTED. The case is DISMISSED WITHOUT PREJUDICE. Plaintiff SHALL file an amended complaint no later than **March 20, 2000**. Failure to do so will result in the case being closed.

DONE AND ORDERED in Miami, Florida, this 28th day of February, 2000.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Sheldon Zipkin, Esq.
Edward Guedes, Esq.