UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALBERT H. BOLLING,

    Plaintiff,

v.

CITY OF MIRAMAR, an
Incorporated Municipality,
VICKI COCEANO, JAMES LIND,
BRUCE KESSLING and MIKE
RINALDI, jointly and
severally,

    Defendants.
_____/

CASE NO. 00-6125-CIV-SEITZ

MAGISTRATE JUDGE GARBER

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANTS JAMES LIND, BRUCE KESSLING, AND MIKE RINALDI[1]

Defendants, James Lind, Bruce Kessling, and Mike Rinaldi (collectively, "Defendants"), through counsel and pursuant to Rules 8(c) and 12(b), Fed.R.Civ.P., submit their answer and affirmative defenses to the second amended complaint and state as follows:

### ANSWER

1. As to the allegations in Paragraph 1, Defendants admit that the second amended complaint purports to state a cause of

---

[1] Defendants City of Miramar and Vicki Coceano timely filed a motion to dismiss in response to the second amended complaint. Therefore, they do not join Defendants James Lind, Bruce Kessling, and Mike Rinaldi in this Answer and Affirmative Defenses.

action under 42 U.S.C. § 1983, but denies that an action is stated upon which relief may be granted.

2. As to allegations in Paragraph 2, Defendants admit that the acts alleged in the second amended complaint occurred in Broward County, Florida, but deny that they committed any unlawful acts.

3. Defendants admit the allegations in Paragraph 4.

4. Defendants deny the allegations in Paragraphs 5, 10, 13, 14, 18, 19, 20, 22, 24, 25, 27, 28, and 29.

5. Defendants are without knowledge of the allegations in Paragraphs 3, 11, 12, 15, and 16.

6. As to the allegations in Paragraphs 6, 7, and 8, Defendants admit that they are currently employed by the City of Miramar as police officers, but are without knowledge as to whether they were so employed at all material times alleged in the second amended complaint.

7. As to the allegations in Paragraph 9, Defendants admit that Plaintiff was arrested for grand theft and carrying a concealed firearm, but are without knowledge as to which of the three Defendants was the arresting officer(s).

8. As to the allegations in Paragraphs 17, 21, 23, and 26, Defendants readopt their responses to particular Paragraphs as stated herein.

2

9. All allegations within the second amended complaint that are not specifically admitted or addressed in this answer are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The second amended complaint fails to state a cause of action upon which relief may be granted.

### Second Affirmative Defense

Defendants had probable cause to arrest Plaintiff and, therefore, cannot be held liable for injuries or damages, if any, suffered by Plaintiff.

### Third Affirmative Defense

The damages allegedly suffered by Plaintiff were not the direct and proximate result of actions taken by Defendants.

### Fourth Affirmative Defense

Plaintiff failed to mitigate his damages.

### Fifth Amended Defense

All actions undertaken by Defendants were done so in good faith. Therefore, they are immune from liability under the doctrine of qualified immunity.

### Sixth Affirmative Defense

This action is barred, in whole or in part, by the doctrine of sovereign immunity.

WEISS SEROTA HELFMAN PASTORIZA & GUEDES, P.A.
1132 SOUTHEAST SECOND AVENUE, FORT LAUDERDALE, FLORIDA 33316 • TEL. (954) 763-4242 • FAX (954) 764-7770

### Seventh Affirmative Defense

Any injury or damages to Plaintiff was due to and caused by the carelessness, negligence, and omissions of Plaintiff to care for himself, which carelessness, negligence, and omissions were the proximate cause of the injury or damage, if any, to Plaintiff, thereby bringing this cause within the doctrine of comparative negligence and thereby reducing and/or barring Plaintiff's claims.

### Eighth Affirmative Defense

Any policy or custom established by Defendants constitutes a discretionary, planning level governmental function for which such Defendants are immune under § 768.28, Florida Statutes.

### Ninth Affirmative Defense

Defendants plead all the defenses available to them under § 768.28, Florida Statutes, and state that their liability in this action is limited pursuant to the limitations set forth in the statute.

### Tenth Affirmative Defense

Plaintiff was comparatively negligent, and any recovery in favor of Plaintiff must be reduced by the percentage of negligence attributed to him.

4

### Eleventh Affirmative Defense

The actions by Defendants to intentionally touch Plaintiff during his arrest constitute an ordinary incidence of arrest.

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. mail this 5th day of April, 2000, to Sheldon Zipkin, 2020 N.E. 163 Street, Suite 300, North Miami Beach, Florida, 33162.

```
                              WEISS SEROTA HELFMAN
                              PASTORIZA & GUEDES, P.A.
                              Attorneys for Plaintiff
                              1132 Southeast 2nd Avenue
                              Ft. Lauderdale, FL 33316
                              Telephone: (954) 763-4242
                              Telecopier: (954) 764-7770


                              By: _____
                                   Edward G. Guedes
                                   Florida Bar No: 768103
                                   Mitchell J. Burnstein
                                   Florida Bar No: 813249
```