UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



ALBERT H. BOLLING,

    Plaintiff,

v.

CITY OF MIRAMAR, an
Incorporated Municipality,
VICKI COCEANO, JAMES LIND,
BRUCE KESSLING and MIKE
RINALDI, jointly and
severally,

    Defendants.
_____/

CASE NO. 00-6125-CIV-SEITZ

MAGISTRATE JUDGE GARBER

## JOINT SCHEDULING REPORT

Plaintiff, Albert H. Bolling, and Defendants, City of Miramar, Vicki Coceano, James Lind, Bruce Kessling, and Mike Rinaldi, through counsel and pursuant to Rule 16.1, S.D. Fla. L.R., and this Court's Order Requiring Counsel to Meet and File Joint Scheduling Report and Proposed Order, dated February 3, 2000, submit the following as their Joint Scheduling Report:[1]

    (A)    DETAILED SCHEDULE OF DISCOVERY FOR EACH PARTY

Plaintiff and defendants anticipate the need to take approximately eight depositions. The parties anticipate serving

---

[1] By Order dated February 28, 2000, the Court has dismissed the Complaint without prejudice. Despite not having operative pleadings, the parties have met in person and submit this joint scheduling report to comply with this Court's Order Requiring Counsel to Meet and File Scheduling Report and Proposed Order.



written discovery requests, including requests for production, interrogatories, and requests for admission. Most relevant documents are already available and have been exchanged because Plaintiff's claims will likely be based upon his previous arrest and criminal prosecution.

(B)  LIKLIHOOD OF SETTLEMENT

The parties have discussed settlement and believe that settlement may be possible, but is unlikely. However, the parties have agreed to continue such discussions.

(C)  LIKLIHOOD OF APPEARANCE OF ADDITIONAL PARTIES

The parties do not anticipate joining additional parties.

(D)  PROPOSED LIMITS ON TIME

See Attachment "A" attached hereto.

(E)  PROPOSALS FOR THE FORMULATION AND SIMPLIFICATION OF ISSUES

The parties cannot formulate and simplify issues for consideration by the Court because the complaint has been dismissed by this Court without prejudice and Plaintiff has not yet re-filed.

(F)  NECESSITY OF AMENDMENTS TO THE PLEADINGS

See section (E) above.

    (G) POSSIBILITY OF OBTAINING ADMISSIONS OF FACT AND OF DOCUMENTS WHICH WILL AVOID UNNECESSARY PROOF, STIPULATIONS REGARDING AUTHENTICITY OF DOCUMENTS AND THE NEED FOR ADVANCE RULINGS FROM THE COURT ON ADMISSIBILITY OF EVIDENCE

The parties agree to work together to make admissions and stipulations where practical in order to avoid unnecessary use of judicial resources.

    (H) SUGGESTIONS FOR THE AVOIDANCE OF UNNECESSARY PROOF AND CUMULATIVE EVIDENCE

The parties agree to work together to make admissions and stipulations where practical in order to avoid unnecessary use of judicial resources.

    (I) SUGGESTIONS ON THE ADVISABILITY OF REFERRING MATTERS TO A MAGISTRATE JUDGE OR MASTER

See Attachment "C" attached hereto. The parties do not elect the jurisdiction of a U.S. Magistrate Judge for trial.

    (J) PRELIMINARY ESTIMATE OF THE TIME REQUIRED FOR TRIAL

Plaintiff estimates that trial of the issues which he intends to raise in an amended complaint will likely take three days.

    (K) REQUESTED DATE OR DATES FOR CONFERENCES BEFORE TRIAL, A FINAL PRETRIAL CONFERENCE, AND TRIAL

See Attachment "A" attached hereto.

    (L) STATEMENT AS TO WHETHER THE TRIAL WILL BE BY JURY OR NON-JURY

Plaintiff intends to demand trial by jury.

(M) OUTLINE OF THE LEGAL ELEMENTS OF EACH CLAIM AND DEFENSE RAISED BY THE PLEADINGS

See section (E) above.

(N) GOOD FAITH ESTIMATE OF THE SPECIFIC DOLLAR VALUATION OF ACTUAL DAMAGES AND OTHER RELIEF AT ISSUE

Plaintiff estimates that actual damages and other relief for the action which he plans to re-file are $100,000.00.

(O) NEED FOR VARIANCE FROM THE DISCOVERY LIMITATIONS IMPOSED BY LOCAL RULE AND/OR THE FEDERAL RULES OF CIVIL PROCEDURE, INCLUDING THE GROUNDS SUPPORTING THE REQUESTED VARIANCE.

At this time, the parties are unaware of any need for variance from discovery limitations.

Dated this 20 day of March, 2000.

| | |
|---|---|
| LAW OFFICES OF<br>SHELDON ZIPKIN, P.A.<br>Attorneys for Plaintiff<br>2020 N.E. 163rd St., Suite 300<br>North Miami Beach, FL 33162<br>Telephone: 305-944-9100<br>Telecopier: 305-940-3187<br><br>By: _____<br>Sheldon Zipkin<br>Fla. Bar No. 313300 | WEISS SEROTA HELFMAN<br>PASTORIZA & GUEDES, P.A.<br>Attorneys for Defendants<br>1132 Southeast 2nd Avenue<br>Ft. Lauderdale, FL 33316<br>Telephone: 954-763-4242<br>Telecopier: 954-764-7770<br><br>By: _____ 3/10/00<br>Edward G. Guedes<br>Fla. Bar No. 768103<br>Mitchell J. Burnstein<br>Fla. Bar No. 813249 |

### Pretrial Deadlines, Pretrial Conference and Trial Date

| Date | Deadline |
|---|---|
| 7/21/00 | Joinder of parties and amendment of pleadings. |
| 9/29/00 | Parties shall furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| 10/27/00 | All <u>fact</u> discovery must be completed. The parties are under a continuing obligation to supplement discovery responses within <u>ten (10) days</u> of receipt or other notice of new or revised information. |
| 11/03/00 | Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Plaintiff shall make its experts available for deposition by Defendant. |
| 11/17/00 | Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Defendant shall make its experts available for deposition by Plaintiff. |
| 12/01/00 | All <u>expert</u> discovery must be completed. |
| 12/08/00 | Mediation must be completed. |
| 12/15/00 | All dispositive pretrial motions and memoranda of law must be filed. |
| 2/23/01 | (a) <u>Joint</u> pretrial stipulation must be filed pursuant to Local Rule 16.1.E. The pretrial stipulation shall include Plaintiff's non-binding breakdown of damages with corresponding amounts; the witness lists shall be pared down to those witnesses the parties actually intend to call at trial; and the exhibit lists shall identify the witness introducing each exhibit. **The parties shall meet at least one (1) month prior to the deadline for filing the pretrial stipulation to confer on the preparation of that stipulation.** The Court will not accept unilateral pretrial stipulations, and will strike, *sua sponte*, any such submissions; and<br><br>(b) A joint statement outlining (1) the legal elements of Plaintiff's claims, including damages, and (2) the legal elements of the defenses raised, either in the form of a proposed jury instruction (for jury cases) or proposed conclusions of law (for non-jury cases); **and**<br><br>(c) Joint Summary of Respective Motions in Limine must be filed. The Summary shall contain a cover page providing the style of the case and an index of the motions in limine. The Summary shall also include for each evidentiary issue: (*i*) a one (1) page motion identifying the evidence sought to be precluded at trial and citing legal authority supporting exclusion; and (*ii*) a one (1) page response to the motion providing a statement of the purpose for which the challenged evidence would be offered and citing legal authority in support of admission of the challenged evidence. The parties shall work together to prepare the Summary. Prior to submission of the Summary, the parties are encouraged to resolve evidentiary issues through stipulation. |
| 2/23/01 | Final proposed jury instructions or findings of fact and conclusions of law must be submitted (a *courtesy copy shall be hand-delivered to Chambers on 3.5 diskette, WordPerfect format*), each party's list indicating each witness who will testify at trial, a one sentence synopsis of the testimony, and in consultation with opposing counsel, indicate the amount of time needed for direct and cross examination. |
| 2/23/01 | Pretrial conference. |
| 4/02/01 | Trial Date. |
| N/A | Date of any other deadline the parties adopt as part of their case management plan. |

[Attachment A]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6125-CIV-SEITZ/GARBER

ALBERT H. BOLLING,

        Plaintiff,

v.

CITY OF MIRAMAR, et al.

        Defendant.
_____/

### ELECTION TO JURISDICTION BY A UNITED STATES
### MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS

In accordance with the provisions of 28 U.S.C. 636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

| | | | | | |
|---|---|---|---|---|---|
| 1. | Motions for Costs | Yes ____ | No ✓ |
| 2. | Motions for Attorney's Fees | Yes ____ | No ✓ |
| 3. | Motions for Sanctions | Yes ____ | No ✓ |
| 4. | Motions to Dismiss | Yes ____ | No ✓ |
| 5. | Motions for Summary Judgment | Yes ____ | No ✓ |
| 6. | Other (specify) _____ | | |

3/20/00
_____  _____
(Date)                (Signature-Plaintiff's Counsel)

_____  _____
(Date)                (Signature-Plaintiff's Counsel)

                    Mitchell J. Burnstein
_____  _____
(Date)                (Signature-Defendant's Counsel)

_____  _____
(Date)                (Signature-Defendant's Counsel)

[Attachment C]