UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



CASE NO. 00-6125-CIV-SEITZ/GARBER

ALBERT H. BOLLING,

    Plaintiff,

vs.

CITY OF MIRAMAR, et al.,

    Defendant.

_____/

### ORDER SETTING TRIAL DATE
### AND PRETRIAL DEADLINES AND
### ORDER OF REFERRAL TO MAGISTRATE

Pursuant to Local Rule 16.1, and the Court having considered the parties' Rule 16.1 Scheduling Report, it is hereby

ORDERED as follows:

1. **Trial Date and Calendar Call**. This case is set for trial on the Court's two-week trial period commencing **April 9, 2001, at 9:00 a.m.**, before the undersigned United States District Judge at the Federal Courthouse Square, Courtroom 5, 301 North Miami Avenue, Miami, Florida. Calendar Call shall be held on **April 4, 2001, at 1:15 p.m.**, at the same location. The case shall be assigned to the Standard case management track.

2. **Pretrial Conference**. A Pretrial Conference shall be held on **March 5, 2001**, at **9:00 a.m.** Trial counsel for the parties must appear and shall bring to the Pretrial Conference the exhibit notebook as described in the Order Providing Parties with Instructions for Trial.



3. **Pretrial Deadlines**. The pretrial deadlines are as follows:

| | |
|---|---|
| July 21, 2000 | Joinder of parties and amendment of pleadings. |
| September 29, 2000 | Parties shall furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. The parties are under a continuing obligation to supplement discovery responses within <u>ten (10) days</u> of receipt or other notice of new or revised information. |
| October 27, 2000 | All <u>fact</u> discovery must be completed. |
| November 3, 2000 | Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Plaintiff shall make its experts available for deposition by Defendant. |
| November 17, 2000 | Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Defendant shall make its experts available for deposition by Plaintiff. |
| December 1, 2000 | All <u>expert</u> discovery must be completed. |
| December 8, 2000 | Mediation must be completed. The Court has issued concurrently herewith a separate Order of Referral. |
| December 15, 2000 | All dispositive pretrial motions and memoranda of law must be filed, as well as any motions to exclude or limit proposed expert testimony. |
| February 23, 2001 | (a) <u>Joint</u> pretrial stipulation must be filed pursuant to Local Rule 16.1.E. The pretrial stipulation shall include Plaintiff's non-binding breakdown of damages with corresponding amounts; the witness lists shall be pared down to those witnesses the parties actually intend to call at trial; and the exhibit lists shall identify the witness introducing each exhibit. **The parties shall meet at least one (1) month prior to the deadline for filing the pretrial stipulation to confer on the preparation of that stipulation.** The Court will not accept unilateral pretrial stipulations, and will strike, *sua sponte*, any such submissions; **and** |

(b) A joint statement outlining (1) the legal elements of Plaintiff's claims, including damages, and (2) the legal elements of the defenses raised, in the form of a proposed jury instruction (for jury cases) or proposed conclusions of law (for non-jury cases); **and**

(c) Joint Summary of Respective Motions in Limine must be filed. The Summary shall contain a cover page providing the style of the case and an index of the motions in limine. The Summary shall also include for each evidentiary issue: (*i*) a one (1) page motion identifying the evidence sought to be precluded at trial and citing legal authority supporting exclusion; and (*ii*) a one (1) page response to the motion providing a statement of the purpose for which the challenged evidence would be offered and citing legal authority in support of admission of the challenged evidence. The parties shall work together to prepare the Summary. Prior to submission of the Summary, the parties are encouraged to resolve evidentiary issues through stipulation.

March 30, 2001    Final proposed jury instructions must be submitted. The parties shall jointly file those requested instructions as to which there is no dispute. *(a courtesy copy shall be hand-delivered to Chambers on 3.5 diskette, WordPerfect format),* counsel shall file a list indicating each witness who will testify at trial, a one sentence synopsis of the testimony, and in consultation with opposing counsel, indicate the amount of time needed for direct and cross examination.

4. **Trial Instructions**. The Court has concurrently issued a separate order providing the parties with specific instructions for trial.

5. **Referral to Magistrate**. Pursuant to Rule 1 of the Magistrate Rules of the Southern District of Florida, **ALL DISCOVERY AND ALL MOTIONS FOR ATTORNEYS' FEES AND COSTS** are referred to Magistrate Judge Barry L. Garber for appropriate resolution. It shall be the responsibility of the respective parties in this case to note on all materials necessary to the resolution of the referred matters the name of Magistrate Judge Garber on the case number caption (i.e., Case No. 99-1234-CIV-SEITZ/GARBER) and that courtesy copies of such materials shall be directed to his Chambers.

6. **Continuances**. A motion for continuance shall not stay the requirement for the filing of a pretrial stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least thirty (30) days prior to the date on which the trial calendar is scheduled to commence. Any motion for continuance must comply with Local Rule 7.6.

7. **Settlement**. If this case is settled, counsel are directed to inform the Court promptly by calling Chambers and submitting an appropriate order for dismissal within ten (10) days of notification of settlement to the Court, pursuant to Fed. R. Civ. P. 41(a)(1). The case will remain on the trial calendar until an order dismissing the action is entered by the Court.

8. **Non-compliance with Order and Rules of Court**. Non-compliance with any provision of this Order, the Federal Rules of Civil Procedure, and/or the Local Rules of Court, may subject the offending party to **sanctions or dismissal**. It is the duty of all counsel to enforce the timetable set forth above to insure an expeditious resolution of this cause.

DONE AND ORDERED in Miami, Florida, this 27th day of April, 2000.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   The Honorable Barry L. Garber
      Sheldon Zipkin, Esquire
      Edward G. Guedes, Esquire